Page 8 of number 65 is that 1-5-7-9, Aspen Law at Law, which is Donald Trump's law. At this time, I would like to call on the audience to stop on the record. On November 6, the Supreme Court stated in its report to the United States Congress, which issued an opinion explaining its use of the Supreme Court. The Supreme Court made factual findings from the same methods as the Florida Support panel, including the provisions for defining a law to support the law of the case. Perhaps most importantly, the Supreme Court held that displaying a platform for those sides of court would be more appropriate than displaying a temporary platform. In both cases, the government was merely attempting to disprove the fact that the Supreme Court also addressed the unanimous claim that the Supreme Court expressed its opinion, ultimately concluding that the Supreme Court was not going to support an argument to succeed the Supreme Court's claim. All parties now agree that the Supreme Court will remain faithful to the Supreme Court's permanent incentive. Does the Supreme Court stay true to its expectation of the Supreme Court decision? We don't want the parties to believe that we should give it a permanent incentive. I should be the one. I think they're urging us to. As we would normally do in a preliminary injunction where the parties are disputing the claims that we have to consider. I think we have a limited claim. I think we have two concerns for why we think ultimately this court should issue an order making a preliminary injunction and then just explaining its reasons for doing so. Nothing more, nothing less. I think our two concerns are number one is just legal. Our best account of the situation is that an Article 3 court has issued an injunction against the government. We don't want an injunction. This court currently has jurisdiction. Our understanding of the court's ethical powers is that this court must exercise its independent judgment when vacating an injunction. I guess I don't understand. So the point of a preliminary injunction is to preserve some sort of status quo while this litigation winds its way towards conclusion. That would benefit your opponents, and they don't want it. Why should it be kept if the party who doesn't want it for an interim period says, I don't want this? We don't think it should be kept. We do want to acknowledge that formally when courts do exercise their equitable discretion, it's not just the plaintiff's arguments, even under Winters, the four factors test. One of them is the public interest, and that seems to at least contemplate logically to us that the court would exercise its independent judgment. I don't want to make too much of this, but to the extent that maybe we're attacking a straw man, but we don't think that this court should defer to plaintiff's suggestion that the court should vacate an injunction. The court should actually exercise its independent judgment and explain its reasons for doing so. We think that the fact that the Supreme Court has issued a stay here and that those conclusions are binding, we think that that explains why this court should do so. Counsel, let me just ask you that because both sides have suggested we write an opinion with some reasoning in it. And of course, that's normally what we do. That's our job. But here we have, from the way I understand it, is that the plaintiffs have essentially said we're not seeking a preliminary injunction anymore. So they're not seeking the relief that was the basis for the order. It seems to me that we could certainly write an opinion that explains why we vacate the preliminary injunction along the lines of the parties now agree that the preliminary injunction should be vacated. The plaintiffs are no longer seeking that relief. As a result, we vacate the preliminary injunction. I think what all of us are asking you is why would we say anything at all more than that? It seems that it would be an advisory opinion because we, of course, we review orders or judgments. When the party who sought the order or judgment is no longer seeking it, there's nothing else for us to do. And I don't I don't know how we could say anything more without actually violating Article 3 and writing what would feel like an advisory opinion. Can you respond to that? Yes, we do not think that writing an opinion limited to vacating the preliminary injunction would be an advisory opinion. First, we're very mindful of the Supreme Court's decision in Young. And that seems to contemplate that this court should not just accept whatever the litigating parties have to say in this context. We also think that it's not that we're accepting arguments. It's just that literally that the plaintiffs thought they filed a motion for a preliminary injunction. The district court granted it. Now the plaintiffs are saying we don't want a preliminary injunction anymore. We give up. We're not seeking that relief. So why would we say anything more than that? That's what I'm asking. For the reasons the Supreme Court explained in Young. But also, I think prudentially, I think there are a number of good reasons why this court may want to say at least something. This is a case of public significance. It affects a number of individuals. We have two classes. It's gone up to the Supreme Court, this litigation in the Fourth Circuit and selector. But based on plaintiff's representations, even if they are not seeking this preliminary injunction here now, my understanding is they intend to pursue additional claims or the same claims in the district court. We may well be back here in the future. Can't they do that? I mean, all of this is on a standard of likelihood of success. So premised in that, including what the Supreme Court did, is an estimate. And that's all that's been done. And that's all we would do as a panel reviewing this, which doesn't need to advance the ball in any way. If the preliminary injunction goes away, the case is prepared to be resolved finally, which doesn't require a estimate. It requires the final decision. And so whatever we would say here would be nothing more than another estimate. How does that advance anyone's interests? So we do agree that comments on the merits, whether it's the claims that haven't been raised for a preliminary injunction or even the same claims, that would be advisory. We're not asking the court to opine on that. And we would resist any invitation from plaintiffs to do so. I mean, I do think logically that there is like a subtle difference between the Supreme Court issuing stay and a ruling from this court on the preliminary injunction standard. We think that we can apply this particular stay as controlling the outcome in this case. But you're right, it is a small delta, but it is still something that requires the exercise of this court's jurisdiction. Why do you think Young is determinative for us? It's a criminal case that seemed to me when I read it quite different. I know you cited in your reply, but that's what you're citing to us as the reason why we should write on this. So why does Young dictate that result? Yes, I believe that's the most seminal case in this line of authorities from the Supreme Court. I think the fact that it's in a criminal context where the government was confessing error, I think, just shows to what extent courts really do need to exercise independent judgment. There's also language in other cases to the effect that injunctions are not the private party of litigants. It's not something that individuals can contract around. It's not something that a plaintiff can waive or say, oh, we have a preliminary injunction, but we're not going to try to enforce it. It is something that ultimately stems from a court and requires action from a court. And typically, courts issue orders and explain their reasoning as they would in the ordinary course. I think we can probably have a broader conversation about the interests of precedent and the public good that providing a reasoning is. Certainly, the Supreme Court appreciates the Supreme Court's reasoning when it ultimately— I mean, sometimes the Supreme Court in these things, applying the standard, doesn't provide any reasoning. And that's a choice they're making. I mean, why is that any different than if we provided the reasoning? I mean, we do think that there are prudential reasons to do so, but, I mean, we're also looking at Young, and we seem to think that this court shouldn't defer to plaintiffs and should say at least something. It could be very brief, but I think it— What's the something that would be said that would be useful to this litigation? If everyone agrees we're going to issue an order that says vacate, and then we're going to write something, what would we write that would be, in your mind, useful to this litigation going forward that wouldn't require speculation on our part about something? I think this court could write that the district court entered a preliminary injunction. The Supreme Court stated, looking at the three sentences in paragraphs two, those are the law of the case. We are bound, and therefore, we also have to say that plaintiffs are unlikely to succeed on the merits. And then it could just be that, but that at least would resolve the litigation at this point, because right now there's an injunction against us. But I think clarifying the role of the Supreme Court's stay would do that. And we're not the only one who thinks that. The district court has specifically said that she's expecting some sort of a preliminary guidance. I don't think that's controlling, but I offer that as additional context. Counsel, let me ask you this way. If the plaintiffs had never sought a preliminary injunction, there would certainly be no reason for us to issue an opinion saying whether a preliminary injunction is appropriate or not under the various factors. What's happened here is they sought one initially, but now they say, we give up. We don't seek a preliminary injunction anymore. You can go ahead and vacate it. I also didn't think the Young case was on point, so I'm wondering if you really have something else to say. Because, again, we don't review arguments and briefs about legal issues just to provide guidance to the world at large. As you know, we review orders and judgments, and if there is no longer a preliminary injunction for us, order for us to review because the plaintiffs have said, we give up, we don't want one. What other than Young do you have to suggest that saying anything more would actually be an advisory opinion on our part that would be inappropriate and prohibited by Article 3? What else can you point to? I believe Taylor v. McKeithin was another Supreme Court case where the Court of Appeals didn't issue an opinion. What are the underlying facts? I don't recall that one. I believe it was reviewing a map for voting. It was, I believe, a civil context. But the relevant point is I believe the Supreme Court did acknowledge that there may be cases where it's a summary affirmance, where maybe it's fine for district courts to decide that they don't want to write anything. At least in those particular cases, I think the Supreme Court criticized the appellate court for not explaining itself. There were multiple bases. Is that a case where the parties seeking the relief withdrew the request for the relief that led to the order that was on appeal? I don't think it was that particular fact, but it was a case where the Court of Appeals declined to write an opinion on a foreign issue. I guess, do you have a case that would be more on point to the facts here, which is, again, relief is requested and order is issued. The party requesting the relief says, never mind, I don't want it anymore, and therefore there is no, essentially there's no order anymore to relieve because the party said it's not something to relieve. Do you have any case that says that on those facts? No, this seems to be a very unique case, Aurora Alice. It's quite unusual for plaintiffs to engage in this litigation strategy. I don't understand it, but I'm sure they'll have an opportunity to explain it. What's the impact of us if we issued a preliminary injunction ruling that's along the line, you say the Supreme Court has said there's a likelihood of success on the merits, and we too think there's a likelihood of success because that's what the Supreme Court said, and it goes back to a district court who now just has to make the final decision on the case. They're not bound by any of that, right? Because they're applying a different non-likelihood of success standard, and they're just going to have to figure it out, and then it's going to go up the chain. So what benefit is there to a likelihood of success ruling to this litigation as it unfolds? Yes, 100% agree, different standard for likelihood of success. I mean, I do think that the parties have not made any decisions about how to proceed in the district court, and I think whatever this court decided to do would factor into what plaintiffs, defendants, and the court want to do, and I think the district court has made that clear. I will also say in this particular case, I do think that there are reasons where it could be informative as to what the court says because unlike some state opinions where the Supreme Court just issues a stay and doesn't say anything at all, here they have said a fair bit, we think. They've addressed all three live claims, and they've done so with an unusual, unequivocal clarity for legal claims that we think are dispositive of some of these issues. So I do think that is a slight difference here, which does make this a bit of a unique fact pattern. But I think all of these reasons suggest that this court should, as it would in the ordinary course, vacate a plenary injunction and explain whatever the reason for doing so is. Right, but I think the real problem you have is this isn't the ordinary course. We very rarely see a situation where the plaintiffs have said, vacate the injunction they originally asked for. Right, I mean, I will say, like, I don't know how this will play out further. It sounds like they're not abandoning these claims, and they may still want to- There are other claims before the district court as well, is that right? We have the three claims here that went to the Supreme Court, but are there other claims percolating in the district court? My understanding is that there's a First Amendment claim in the complaint that was not brought when they moved for a plenary injunction. They have also put in the complaint and moved on in the plenary injunction, I believe, a constitutional right to privacy, as well as an international travel claim. We, of course, have the three live claims here, and then there was the fourth, the APA claim on the Paperwork Reduction Act violation, which we cured as a factual matter, and is no longer law. Well, what could this court do to make them give up any of those claims, these three claims? They're their claims, and people are making comments or rulings on interim relief based on standards that require estimates, and we can give one of those, but that wouldn't affect their ability to go to the district court and say, okay, they did that, our plenary injunction's gone, we're here now for the trial or whatever proceeding the district court's going to have to finally resolve it. How are we advancing anything by offering more estimates, I guess, where the next step of this is the final act, so to speak? They can brief those arguments below. We reserve the right to argue and may well argue that the Supreme Court's stay opinion does foreclose those arguments. What's your argument for that? That's what I guess I don't understand. I don't understand the argument that a stay from the Supreme Court on the likelihood of success on the merits precludes a district court from doing whatever they think is right after a full airing of all of the issues in the trial and whatever else may happen. What supports that? I think that may get to the nub of the difference here. Certainly the mere fact that the Supreme Court issues a stay or maybe even concludes preliminarily that plaintiffs might not be likely to sit on the merits, that itself might not preclude claims as a matter of law or further discovery in a district court. Our claim is that, limited to this specific opinion, the way that the court has said in unequivocal, clear language that displaying a passport holder's sex at birth, we read that language as making a legal determination that would foreclose their ability to succeed on that on the merits. If the Supreme Court has already decided in this case, which is now the law of the case but is also a precedent, that there is no discrimination. But aren't they always writing it against the background of knowing they're making an estimate? I mean, when they write this, they know, they say, we are applying our familiar stay factors, which is, by definition, estimates. So, yes, I understand the sentence, the actual sentence doesn't have the hedging language in it, but the premise of the order is we are applying the estimate standard, right? The likelihood of success standard. Yes, I think we would look to each determination that the Supreme Court is making in each context. And I think the way that we read this particular statement seems to be quite unequivocal. And I don't know how a district court, having this stay issued, not just in the same case, but on the same policy, could then turn around and say, well, now we're going to let plaintiffs win on the merits on this particular claim. We do think that... Counsel, as you said, you can make all of these arguments about the meaning of the Supreme Court state order to the district court, and I completely understand why you will be making the arguments that you're making and that you think some of them, some of the conclusions are just pure legal conclusions that you don't think would change based on a full record. But returning to those statements by the Supreme Court, which the district court will be looking at very closely, were made in the context of a preliminary injunction, which the plaintiffs are no longer seeking. So again, how would it make sense for us to now weigh in on what that order means when the order that it was reviewing, the relief that it was analyzing, it doesn't exist anymore. It's going to be vacated by the plaintiff's own voluntary decision not to seek preliminary injunctive relief anymore. So again, I'm just not understanding what role we should be playing in interpreting an order that applies to relief that the plaintiffs are no longer seeking. They are no longer seeking it, but there still is an injunction over our heads. The government does not want to be preliminary joined. Yes, no, I understand, but they agree that it should be vacated. So once this court, in agreement with the party's own concessions here, vacates the preliminary injunction, why would you do any more than that? You are free to make whatever arguments you want about the Supreme Court state order to the district court, right? We're not hampering your ability to do that. Correct?  We agree with how the district court would play out. I mean, part of it may just be a disagreement about to what extent plaintiffs can give up the preliminary injunction partway through. But if this court did vacate the preliminary injunction saying this is an unusual case, but where a plaintiff no longer seeks a preliminary injunction, we don't have to engage in an independent analysis. And this case is, I don't know what the reasoning, we don't think it follows mootness. I don't know what legal category it would follow. But if that's the reasoning this court adopts, I mean, that itself, quite frankly, would be informative. Your time is up, but I think our questions are. I'm happy to sit. Thank you, Your Honors. Thank you, counsel. At this time, would counsel for the appellee please introduce yourselves on the record. Good afternoon, Your Honors. Malita Picasso, counsel for appellees. So we're here today because the district court has expressly asked that this court provide guidance about what the Supreme Court state analysis means in our case moving forward. And so I want to start with some of the questions that were raised to my friend on the other side about why the court should say anything beyond just vacating the preliminary injunction based on the state order. And I think the main point that we want to make is that, as Judge O'Farrill was mentioning, these claims are not precluded as we move forward with the case when we're back before the district court. That is the main point that we want to make, is that despite the language in the state order, that it is a interim order on the preliminary injunction. Why? Why? It seems to me you have even a harder argument on this than the government does. Why is it seems to me what you're asking us is to issue an advisory opinion. Why am I wrong about that? I think we are just asking that the that the court essentially state what is binding law in this in this circuit, which is that a preliminary an interim order is not final and conclusive as to the merits of the. What would be our basis for doing that? And I'll just ask you the same questions I asked your opposing counsel. I asked the government. We don't review general arguments and briefs or theories about Supreme Court state orders. That's not what we do as judges. We review district court judgments or orders. You're not you're not no longer seeking a preliminary injunction. You're saying we gave up. We're going to vacate it. So there's nothing for us to review. So why would we do anything else? Because to provide guidance, as you've suggested, makes me very worried that the guidance is an advisory opinion, which actually is prohibited by Article 3. So when we don't have an order that we're reviewing anymore because you've decided to give up on that relief, how can we do anything else? And do you have any cases to suggest that we can't? I don't have any cases, but I will say that what we are asking is very distinct from what the government is asking. The government is asking for this court to issue an opinion that goes into the likelihood of the merits and and essentially precludes plaintiffs from being able to proceed on these claims, despite the fact that the state is an interim order on the preliminary injunction. We are simply asking that much like the court did in, I believe, New York v. Trump, where it said essentially that a preliminary decision is an interim. It's it's it's not a final determination of the merits of the claims. That's already been said. What are we saying? I mean, this is going to go back before Judge Colbeck. And what's going to happen is they're going to stand up and say at least, you know, I'm looking at the paragraph from the Supreme Court. I think their strongest point is on sort of the top line equal protection argument where the Supreme Court does write the sentence about the comparison to country of birth and pretty unequivocal terms. And they're going to say that's it. And you're going to say, of course, that's not it. This is a this is a stay order judge under a likelihood of success in the merits. And she's either going to say no with them and that's it. You claim it loses or she's going to say something different about why you're claiming either wins or loses. And then it will come up here in the normal course. Everybody knows what the situation is. I guess I'm not sure what we're adding to the mix by just saying the stay order is a stay order judge under the standard that stay orders are judged under, which we all everyone know. And that's what you're asking us to say. Well, I think that the only thing that is unique about this case is that the district court has expressly asked this court to provide a guidance, expressing some confusion about how the stay orders analysis will apply. I think that that for that reason alone, there would be a benefit in simply saying that the claims aren't foreclosed. The problem is, counsel, and I understand the district court's views completely. It has a difficult case that it has to decide and to have no help from us in the district court's view is potentially going to make its job harder. But again, that doesn't change what we're allowed to do under Article 3. And if there is no longer a preliminary injunction order for us to review because you have told us you are not seeking that preliminary injunction and you want it vacated, anything else that we say about any of the other legal issues would just be advisory. Because we only analyze legal issues and facts in the course of resolving a dispute about an order or a judgment, and there is no longer that dispute here. So, I understand what the district court said, but it would be really helpful if you have any case suggesting that on these facts, an appellate court should go ahead and issue a decision. That would be really helpful to know. I haven't found one, and so I continue to be very concerned that we would be violating Article 3 by doing either review or development request. Yeah, I understand and I recognize that this is a very strange posture that we are here on. All I would say is that if the court feels that the case law in this circuit is sufficiently clear that a preliminary order, such as this state order, is not final and conclusive as to the merits, it's sufficiently clear that it need not be included in an order that can be said we are saying and we are vacating. What I'm saying, counsel, is that it wouldn't matter if it's sufficiently clear or not. Because if we have no order to review, we're not allowed to say anything. So, it doesn't really matter if the case law is one way or the other. We just can't speak to anything because there's nothing, there's no order for us to review. I understand that. And I was mostly just saying that if the court felt that it needed to just say we are vacating in light of the state order and nothing more, I think it would be, I mean, it would be helpful to just... I guess this argument is really clarifying that within this circuit that is a guiding principle and that this court need not offer any additional guidance to the district court. We just think it would be beneficial that given that the district court has specifically asked for clarity and the government has reserved the right to raise claims about the state order essentially precluding plaintiff's claims at the district court. I think that that additional clarity would be helpful. But if the court feels that it would be beyond the Article 3 powers to sort of entering into the land of an advisory opinion, I understand. We would just ask that, you know, it would be made clear again that this is a preliminary order. And your friend seems to say that you can't, you know, sort of give up, you know, sort of we have to, you know, sort of make some sort of factors beyond the order that belongs to your daughter that hasn't been revoked. I disagree with that. I think that that would be delving much deeper into the world of an advisory opinion, because there is no dispute that we are seeking a dispute. I'm happy to speak more to the specific claims and why we think they aren't precluded, but I'm not sure that that would be helpful given what the court has been expressing so far. I think you've done a fine job arguing, but you're going to take the questions. Thank you, Your Honor. The government does have some in the budget. Thank you. Goodbye.